UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO. CR 4:24-064 |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| MIRANDA RACHEL BRIGGS | ) | |
| a/k/a "MIRANDA RACHEL FISHER" | ) | 18 U.S.C. § 641 |
| | ) | Theft of Government Money, |
| | ) | Property, or Records |

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

## INTRODUCTION

1.  Beginning in or about February 2018 and continuing until in or about November 2023, **MIRANDA RACHEL BRIGGS a/k/a "MIRANDA RACHEL FISHER"** undertook a scheme to defraud the United States by falsely claiming to have been married to G.B., a United States Army veteran, who died in January 2018.

2.  This scheme consisted of **BRIGGS** repeatedly claiming Department of Veterans Affairs ("VA") benefits available to spouses of deceased qualifying veterans that **BRIGGS** knew that she was not entitled to because she had divorced G.B. in 2017.

3.  The VA is a United States agency authorized to distribute monetary benefits to qualified recipients.

## Department of Veterans Affairs Programs

4. One of the programs the VA uses to distribute monetary benefits is the VA Dependency and Indemnity Compensation program ("DIC"). DIC pays a monthly benefit to eligible survivors of a qualifying military service member or veteran.

5. The Pension Management Center ("PMC") administers DIC.

6. Another program that the VA provides to qualifying individuals is the Civilian Health and Medical Program of the Department of Veterans Affairs ("CHAMPVA"). CHAMPVA is a comprehensive health care program in which the VA shares the cost of covered health care services and supplies with eligible beneficiaries.

7. CHAMPVA is administered at the Health Administration Center in Denver, Colorado.

8. One of the required criteria to be eligible for CHAMPVA benefits is being a surviving spouse or child of a veteran who died from a VA-rated service-connected disability. The VA determines whether any claimed disability is related to a veteran's military service, and if so, how severe the condition is.

9. Generally, CHAMPVA covers most necessary medical and psychological health care services and supplies. This includes reimbursement of medication costs.

10. CHAMPVA is always the secondary payer to Medicare and will reimburse beneficiaries for costs not covered by Medicare provided insurance.

## Scheme to Defraud

11. In November 2015, **BRIGGS** married G.B. She kept her maiden name of "Fisher." On February 21, 2016, G.B. notified the VA of his marriage to **BRIGGS**.

12. On or about September 21, 2016, **BRIGGS** filed a Petition for Dissolution of Marriage with Property But No Dependent or Minor Child(ren) in Duval County, Florida, and reported that her marriage to G.B. was "irretrievably broken."

13. On or about December 15, 2016, **BRIGGS** filed an affidavit of Diligent Search and Inquiry, in which she swore under oath that she had not known of G.B.'s whereabouts since on or about August 19, 2016.

14. On or about August 15, 2017, a Duval County, Florida court entered a Final Judgment of Dissolution of Marriage With No Property or Dependent or Minor Children ("Divorce Decree").

15. **BRIGGS** attended the August 15, 2017, divorce hearing. G.B. did not attend.

16. On or about August 28, 2017, G.B. contacted the VA to report his divorce and requested that **BRIGGS** be removed from his award. The VA removed **BRIGGS** as a dependent from G.B.'s award effective September 1, 2017.

17. On or about January 18, 2018, **BRIGGS** filed for Chapter 7 Bankruptcy in United States Bankruptcy Court. As part of her application, **BRIGGS** reported, under penalty of perjury, that she was not married and that her divorce with G.B. concluded in August 2017.

18. On or about January 31, 2018, G.B. died.

19. In or about February 2018, **BRIGGS** applied for a number of VA Benefits falsely claiming to be G.B.'s surviving spouse. As part of her VA application,

3

**BRIGGS** falsely claimed that she had continuously lived with G.B. since their marriage in November 2015.

20. **BRIGGS** made these claims despite filing an affidavit of Diligent Search and Inquiry on December 15, 2016, in which she swore under oath that she did not know G.B.'s whereabouts.

21. On or about March 19, 2018, **BRIGGS** learned that the VA denied her DIC claim because she had been removed by G.B. as a dependent on August 28, 2017, approximately two weeks after the final divorce decree was signed.

22. On or about March 20, 2018, **BRIGGS** submitted additional documentation to the VA in support of her DIC claim, which included a copy of her marriage certificate to G.B. and a handwritten letter, falsely claiming that she was married between November 20, 2015, and January 31, 2018.

23. On or about March 28, 2018, **BRIGGS** filed a Petition to Change her name from **MIRANDA RACHEL FISHER** to **MIRANDA RACHEL BRIGGS** in the Superior Court of Chatham County. The Superior Court of Chatham County ordered and decreed that this petition be granted on or about June 26, 2018.

24. On or about April 9, 2021, **BRIGGS** filed a verified petition in the Chatham County, Georgia Probate Court to become the Administrator of G.B.'s estate. In the petition, she swore that she was G.B.'s surviving spouse and that "no action for divorce or separate maintenance was pending at the time" of G.B.'s death.

25. On December 14, 2021, Chatham County, Georgia Probate Court granted **BRIGGS'** petition for Letters of Administration, thereby making her the administrator of G.B.s' estate.

26. Seven days later, on or about December 21, 2021, **BRIGGS,** claiming to be G.B.'s surviving spouse, sued the United States Government for G.B.'s wrongful death and pain and suffering, and loss of consortium. As relief, **BRIGGS** sought $7,350,000.

27. On or about March 6, 2023, the Chatham County Probate Court revoked the Letters of Administration over G.B.'s estate issued to **BRIGGS**. The Probate Court found that **BRIGGS** had no right to serve and no right to claim that she is the widow or surviving spouse of G.B. because of **BRIGGS** fraudulent and knowingly made false sworn statements surrounding her marriage to and divorce from G.B.

28. As of May 13, 2023, **BRIGGS** had failed to notify the VA that she was not the surviving spouse of G.B. and not entitled to receive his benefits.

29. In or about April 2018, **BRIGGS** applied for CHAMPVA benefits claiming to be G.B.'s surviving spouse. Between April 2018 and 2023, CHAMPVA paid approximately $49,000.00 in relation to **BRIGGS'** medical care.

30. In 2018, **BRIGGS** applied for DIC benefits claiming to be G.B.'s surviving spouse. Between 2018 and 2023, DIC paid approximately $80,000.00 to **BRIGGS** based on her falsely misrepresenting her marital status.

## COUNT ONE
*Wire Fraud*
18 U.S.C. § 1343

31. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of this Indictment as if fully set forth herein.

32. On or about May 13, 2023, in the Southern District of Georgia, and elsewhere, the Defendant,

**MIRANDA RACHEL BRIGGS**
**a/k/a "MIRANDA RACHEL FISHER",**

devised and intended to devise a scheme to defraud the United States, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice and to obtain money and property, caused interstate wire communications to be made, in furtherance of the scheme and artifice to defraud, to wit, the submission of a VA Statement in Support of Claim, VA Form 21-4138, to the VA, which claimed that **BRIGGS** and G.B. were not divorced as of the end of August 2017 and that **BRIGGS** was not aware they were divorced when in truth and in fact, and as **BRIGGS** then and there knew, **BRIGGS** and G.B. were divorced as of the end of August 2017.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
*Theft of Government Money, Property, or Records*
18 U.S.C. § 641

32.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of this Indictment as if fully set forth herein.

33.     Beginning at an exact date unknown, but between on or about February 2018 and on or about November 2023, in the Southern District of Georgia, the Defendant,

**MIRANDA RACHEL BRIGGS**
**a/k/a "MIRANDA RACHEL FISHER",**

willfully and knowingly did steal, embezzle, and purloin money of a value exceeding $1,000, the property of an agency and department of the United States.

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1343 and 641 set forth in Counts One and Two of this Indictment, the Defendant, **MIRANDA RACHEL BRIGGS a/k/a "MIRANDA RACHEL FISHER"** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense, including but not limited to a money judgment of approximately $129,360.98.

If any of the property described above, as a result of any act or commission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

A True Bill.

_____
Jill E. Steinberg
United States Attorney

_____
Michael Z. Spitulnik
Special Assistant United States Attorney
*Co-lead Counsel

_____
Tania D. Groover
Assistant United States Attorney
Chief, Criminal Division

_____
Patricia G. Rhodes
Assistant United States Attorney
*Co-lead Counsel